**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARLOS ROSADO, | ) | CASE NO. 4:14 CV 2525 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FCI ELKTON WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Carlos Rosado filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, to contest a guilty finding of a conduct violation that occurred in FCI Morgantown in West Virginia. He is currently incarcerated in the Elkton Federal Correctional Institution, in Lisbon, Ohio. In his Petition, he asserts two grounds for relief: (1) there was no evidence to support the guilty finding; and (2) the doctrine of constructive possession does not extend to a large area. He asks this Court to vacate the finding of guilt on the conduct charge.

**I. Background**

Petitioner was given an incident report by FCI Morgantown officials on April 8, 2014. He contends he was housed in a two-bunk open cubicle in the "A Unit." He states that the "A Unit" houses approximately 80 inmates. None of the cubicles have doors and are accessible to any of the inmates assigned to that unit. On April 8, 2014, Officers conducting a "shakedown" search of the "A Unit" discovered a Samsung cellular telephone with a sand-colored leather pouch attached to the metal underside of the bottom bunk in Petitioner's cubicle. Petitioner shares this cubicle with

Inmate Santiago, although it is unclear which of them occupied the bottom bunk. Both inmates denied ownership of the cellular telephone.

Petitioner was issued an incident report charging him with possession of a hazardous tool, namely a cellular telephone. The Disciplinary Hearing Officer ("DHO") conducted a hearing on April 18, 2014 and found Petitioner guilty of the charge. The DHO reasoned that the phone was found in the Petitioner's assigned living space. He is responsible for keeping his living space free of contraband. The DHO stated that the concept of constructive possession applied making every inmate assigned to a particular area responsible for the objects found in that common area unless someone admits responsibility. He noted the concept was necessary to keep inmates from hiding contraband in common areas not exclusively under their control, to avoid discipline if the contraband is found. He sanctioned Petitioner to 30 days in disciplinary segregation, 90 days telephone restriction, 90 days social visitation restriction, 90 days commissary restriction and loss of 41 days of good time.

Petitioner disputes the finding of guilt. He claims that although he and Santiago were assigned to that cubicle, it was open and accessible to all inmates housed in the unit. Any of them could have put the cellular telephone under the bunk. He also argues that it is unfair to hold all inmates assigned to the area liable for contraband found in the common area unless someone admits to owning it. He contends that an inmate cannot realistically search the area including the bedding of other inmates without risking bodily injury from other inmates. He also contends all of the other inmates in "A Unit" should also have been charged with the conduct violation because they all had access to his cubicle. He does not indicate whether Santiago was also charged with the conduct violation. He claims there was no physical evidence, aside from location, connecting him to the

cellular telephone. He alleges there was no evidence to support his conduct violation conviction. He asks this Court to vacate the finding of guilt.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

## III. Discussion

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due

Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id*. at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, there is no indication Petitioner was denied due process. He received a copy of the disciplinary report well in advance of the hearing. He does not suggest he was prohibited from calling witnesses. The DHO provided Petitioner with a written statement of the finding of guilt and the evidence upon which he relied to support his decision. That evidence, that the cellular telephone was located within Petitioner's cubicle, provides some support for finding Petitioner guilty of the charge. This is by no means the best evidence of guilt, nor would it be sufficient to convict Petitioner of a criminal offense if he were tried in a court of law. It is true that others may have had access to that cubicle because it had no door. There is no specific information, however, that any

-4-

of the other inmates entered the cubicle. Instead, the DHO found the most likely candidate for ownership of property found within the cubicle was one, or both, of the cubicle's two residents. Due process requires only some evidence to support that finding of guilt. It does not have to be irrefutable proof. The Court finds no due process violation.

## IV. Conclusion

Accordingly, Petitioner's application to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

June 23, 2015                  s/John R. Adams
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE